```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

KEVIN EVERETT                                    CIVIL ACTION

VERSUS                                           NO. 07-4738

MERITPLAN INSURANCE CO.                          SECTION "B"(3)
```

                         ORDER AND REASONS

Before the Court is Defendant MeritPlan Insurance Company 12(b)(1) Motion to Dismiss (Rec. Doc. No. 9). After review of the applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **GRANTED**. **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to Plaintiff to present **within 10 days** proof and law tending to show how penalties, attorney's fees, and potential award can satisfy $75,000 federal threshold, assuming complete award on policy at issue is $13,396.29 ($23,537.00 policy limit minus $10,140.71 already paid by Meritplan).

                            *BACKGROUND*

Plaintiff filed his action against MeritPlan based on a hazard insurance policy covering the property located at 815 Sixth Street, New Orleans, Louisiana 70115. The property sustained damage as a result of Hurricane Katrina. Defendant provided insurance coverage on the property at issue with a policy limit of $23,537.00. On December 9, 2005, MeritPlan paid $8,227.48 to American General Financial Services, the named insured on the policy. MeritPlan also attributed $1,663.23 in recoverable depreciation against the total repair/replacement

                                1

cost of $10,140.71.  On August 28, 2007, Plaintiff commenced the instant action alleging breach of contract, negligent misrepresentation, bad faith, and unjust enrichment.

On January 15, 2008, this Court ordered that Plaintiff submit its amended complaint to address the issues raised by Defendant in the Motion to Dismiss. Plaintiff has submitted an amended complaint asserting that the amount in controversy exceeds $75,000.00.

Defendant contends that Plaintiff cannot establish an amount in controversy that exceeds $75,000.00.  Even if the Plaintiff was entitled to attorney fees and penalties, Plaintiff would not be able to secure judgment in the amount exceeding $75,000.00, as the amount in controversy is limited to $13,396.29 because of the policy limit.  At best, Plaintiff may receive $60,000.00.

Plaintiff contends that he has made sufficient allegations regarding jurisdictional limits.  Plaintiff asserts that the federal court should not decline jurisdiction unless it appears to a legal certainty that the claim is really less than the jurisdictional amount.  Plaintiff also highlights his good faith efforts in the claim.  Plaintiff requested time to amend his lawsuit in order to address any deficiencies in the manner in which his allegations regarding damages and or damage amounts are pleaded, which the Court permitted.  In Plaintiff's amended complaint, Plaintiff claims the amount in controversy exceeds $75,000.00.

***DISCUSSION***

2

**A.   Motion to Dismiss 12(b)(1) Standard**

A party may invoke Federal Rule of Civil Procedure 12(b)(1) to challenge a district court's subject matter jurisdiction.  The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)(citation omitted).  The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Dow Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003). Typically, the plaintiff's allegation that the amount in controversy satisfies th jurisdictional minimum is sufficient to invoke diversity jurisdiction. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995)(citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938). The standard for determining whether the jurisdictional minimum has been met is guided by the "legal certainty" test, which dictates that the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *St. Paul Mercury Indem, Co. v. Red Cab Co.,* 303 U.S. 282, 288-289 (1938); *see also Bell v. Preferred Life Assur. Soc., Etc.,* 320 U.S. 238, 240 (1943).  In order justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount based on the pleadings. *Id.*  The Fifth Circuit further explains that once the defendant appropriately challenges the amount in controversy, the plaintiff must show by a preponderance of the evidence that it

does not appear to a legal certainty that its claim is for less than the jurisdictional amount. *Reliance Ins. Co. v. Airport Shuttle, Inc.,* 2004 WL 2984334 at *2 (E.D. La. Dec. 16, 2004), *citing Lister v. Comm'r's Court, Navarro County,* 566 F.2d 490, 492 (5th Cir. 1978); *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 665-666 (5th Cir. 1971).

Plaintiff avers that the "legal certainty" test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages. *De Aguilar v. Boeing Co.,* 11 F.3d 55 (5th Cir. 1993). While this proves true, it is not applicable to the present circumstances, which do not constitute a remand or removal as referenced in *De Aguilar*. Instead, Defendant seeks 12(b)(1) dismissal, and thus the legal certainty test applies. *See Robichaux v. Glorioso*, 2000 WL 1171119 (E.D. La. 2000).

Defendant presents a well-reasoned explanation as to why Plaintiff's damages could be no more than $60,000.00 and have thus appropriately challenged the amount in controversy. Defendant has pointed out that the amount in dispute is $13,396.29 due to the policy limits, and have calculated the maximum amount of recoverable penalties under Louisiana statute and attorney's fees will not meet the Federal Amount in Controversy threshold. An award of more than $34,000.00 in attorney's fees would not prove reasonable.

While Defendant requested that the Court grant its Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and dismiss this action, Plaintiff requested time to amend his

law suit in order to address any deficiencies in the manner in which his allegations regarding damages and/or damage amounts are pleaded.  This Court ordered Plaintiff to submit an amended complaint addressing the deficiencies in its original complaint that had been highlighted by Defendant's Motion to Dismiss.  However, Plaintiff's submission of the amended complaint does nothing to remedy the deficiencies in the original complaint, as it merely restates the same causes of action.  As such, Defendant's Motion to Dismiss is **GRANTED**.

## Conclusion

For the reasons stated above, **IT IS ORDERED** that Defendant's 12(b)(1)Motion is **GRANTED**.  **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to Plaintiff to present **within 10 days** proof and law tending to show how penalties, attorney's fees, and potential award can satisfy $75,000 federal threshold.

New Orleans, Louisiana, this 12th day of February, 2008.

UNITED STATES DISTRICT JUDGE